UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARL ARCHAMBEAU,<br><br>                     Plaintiff,<br><br>     vs.<br><br>BRIAN MCGUIRE, Police Officer at Wagner Police Department in individual capacity; RANDY THALER, Sheriff at Charles Mix County in individual capacity; UNKNOWN DEPUTY #1, Sheriff's Deputy at Charles Mix county in individual capacity; UNKNOWN DEPUTY #2, Sheriff's Deputy at Charles Mix County in individual capacity; RYAN PAULSON; and JARED NIEHAUS,<br><br>                     Defendants. | 4:24-CV-04013-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Karl Archambeau, an inmate at the Rapid City Minimum Center[1], filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1 at 1. Archambeau moves for leave to proceed in forma pauperis and provided his prisoner trust account report. Dockets 2, 6.

I.    **Motion for Leave to Proceed in Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen

---

[1] At the time Archambeau filed his complaint, he was incarcerated at the Yankton County Jail. Docket 1. He has since been transferred to the Rapid City Minimum Center. *See Offender Locator*, S.D. Dep't of Corr., https://doc.sd.gov/adult/lookup (last visited June 10, 2024).

an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

The current balance in Archambeau's prisoner trust account is negative $8.81. Docket 6 at 1. Based on the information regarding Archambeau's prisoner trust account report, the court grants Archambeau leave to proceed in forma pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Archambeau must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

2

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Archambeau's institution. Archambeau remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Archambeau's complaint are: that defendants violated his rights when they unlawfully arrested him, searched him, retaliated against him, and used excessive force against him. Docket 1 at 6-9.

On August 18, 2014, Brian McGuire, a police officer with the Wagner Police Department, arrested Archambeau for receiving a stolen vehicle. *Id.* at 6. After arriving at the county jail, "Officer McGuire took the keys to the vehicle, and performed a warrantless search[,]" despite neither Archambeau nor the owner of the vehicle consenting to the search. *Id.* Archambeau was then incarcerated for five days before the case was "terminated" in his favor. *Id.* Archambeau claims that because of McGuire's actions, he suffers from anxiety, emotional distress, relationship problems, and depression. *Id.*

In April 2015, while Archambeau was incarcerated, he was taken to the hospital in Yankton, South Dakota. *Id.* at 7. Upon release from the hospital, Archambeau was placed in a segregated dry cell at the Charles Mix County

3

Jail. *Id.* At the time he was placed in the segregated dry cell, Archambeau was suffering from a severe headache. *Id.* Archambeau alleges that he was "subject to verbal harassment and threats of violence." *Id.* Unknown Deputy #1 charged Archambeau with three crimes, which were terminated in Archambeau's favor. *Id.* Unknown Deputy #1 asked Archambeau if he had a death wish and let Jailer Jared Niehaus handle his police taser. *Id.* Niehaus "point[ed] the taser in [Archambeau's] direction, once while [Archambeau] was on the toilet." *Id.* Archambeau claims that defendants acted sadistically in retaliation because he had filed medical complaints. *Id.* Archambeau also claims that he was retaliated against because he sent a letter to the Attorney General about violations of his rights. *Id.* Archambeau claims that because of defendants' actions he suffers from suicidal thoughts, anxiety, and mental anguish. *Id.*

      Also in April 2015, Archambeau had an argument with jail staff about the size of his uniform. *Id.* at 8. Jailer Ryan Paulson unlocked Archambeau's cell, and two unknown deputies escorted Archambeau to the tank. *Id.* Although Archambeau did not resist the jail staff, when they arrived at the tank, "two deputies and jail staff began punching and kicking [Archambeau]." *Id.* Archambeau was knocked unconscious. *Id* at 9.

      After waking up, he "kick[ed] on the door of the [t]ank for medical attention." *Id.* The tank was twenty feet away from Sheriff Randy Thaler's office, but instead of helping Archambeau, "Sheriff Thaler slammed his office door shut[.]" *Id.* Archambeau alleges that "[he] was disciplined for kicking the door by being forced into a a [sic] four-point restraint chair for a total of 8 hours." *Id.* As a result of defendants' actions, he lives "in fear, with constant anxiety" and

is "sometimes unable to cope with [the] pain." *Id.* at 8. Archambeau also claims that he "suffered a concussion, fractured jaw, and damaged teeth." *Id.*

Archambeau sues Niehaus for violating his First Amendment rights. *Id.* at 7. Archambeau sues McGuire for violating his Fourth Amendment rights. *Id.* at 6. Archambeau sues Paulson, Thaler, and two unknown deputies for violating his Fourteenth Amendment rights. *Id.* at 8. Archambeau sues McGuire, Thaler, Unknown Deputy #1, and Unknown Deputy #2 in their individual capacities. *Id.* at 3. Archambeau sues Paulson and Niehaus in their official capacities.[2] *Id.* at 4. He seeks "compensatory damages for past, present, and future medical treatment / surgery" and punitive damages. *Id.* at 10.

## B.  Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v.*

---

[2] Archambeau does not specify if he sues Paulson and Niehaus in their individual or official capacities. *See* Docket 1 at 4. "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Archambeau sues Paulson and Niehaus in only their official capacities.

5

*City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory." (citing *Twombly*, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now address each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

Archambeau alleges that defendants violated his civil rights when they unlawfully arrested him, searched him, retaliated against him, and used excessive force against him. Docket 1 at 6-9. Archambeau claims that the arrest and search occurred on August 18, 2014. *Id.* at 6. The other alleged civil rights violations occurred in April 2015. *Id.* at 7-9. Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985)). Under South Dakota law, "[f]ederal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred." *Sisney v. Best Inc.*, 754 N.W.2d 804, 809 (S.D. 2008) (citing SDCL § 15-2-15.2).

Because Archambeau alleges the conduct occurred in 2014 and 2015,[3] the alleged civil rights violations did not occur within three years of when the complaint was filed on January 19, 2024. Docket 1. Thus, Archambeau's claims regarding violation of his civil rights based on the First, Fourth, and Fourteenth Amendments are time barred under the statute of limitations and dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[3] Although Archambeau alleges that he continues to experience fear and anxiety, Docket 1 at 6-9, the accrual date of a § 1983 action "occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Gonzalez v. Dakota Cnty.*, 2015 WL 6695661, at *2 (D. Neb. Nov. 3, 2015). The accrual dates for Archambeau's claims were on August 18, 2014, and in April 2015. *See* Docket 1 at 6-9.

7

The court finds that Archambeau's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Archambeau's complaint is dismissed for failure to state a claim upon which relief can be granted, this dismissal will count as a strike. This is Archambeau's first recorded strike.

Thus, it is ORDERED:

1. That Archambeau's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That the institution having custody of Archambeau is directed that whenever the amount in Archambeau's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Archambeau's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

3. That Archambeau's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That this action constitutes Archambeau's first strike for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5. That Archambeau's request for copies, Doc. 7, is denied as moot.

Dated June 12, 2024.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE