UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARL ARCHAMBEAU,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>BRIAN MCGUIRE, Police Officer at Wagner Police Department in individual capacity; RANDY THALER, Sheriff at Charles Mix County in individual capacity; UNKNOWN DEPUTY #1, Sheriff's Deputy at Charles Mix county in individual capacity; UNKNOWN DEPUTY #2, Sheriff's Deputy at Charles Mix County in individual capacity; RYAN PAULSON; and JARED NIEHAUS,<br><br>　　　　　　　　Defendants. | 4:24-CV-04013-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Karl Archambeau, an inmate at the Rapid City Community Work Center, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1 at 1. This court granted Archambeau's motion for leave to proceed in forma pauperis and screened his complaint, dismissing it because the statute of limitations had run. Docket 11 at 7–8. Archambeau now moves for leave to proceed in forma pauperis on appeal, Docket 14, and provided his prisoner trust account report, Docket 15.

Under the Prison Litigation Reform Act (the "Act"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528,

529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the Act. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

A party permitted to proceed in forma pauperis in the district-court action may proceed in forma pauperis on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or

2

finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3). It appears that Archambeau's appeal is taken in good faith. Archambeau's prisoner trust account report shows an average monthly deposit of $17.67 and an average monthly balance of $25.00. Docket 15. Based on the information regarding Archambeau's prisoner trust account, the court grants Archambeau leave to proceed in forma pauperis on appeal, and his initial filing fee is waived because the amount owed would be greater than his current balance.

Thus, it is ORDERED:

1. That Archambeau's motion for leave to proceed in forma pauperis on appeal (Docket 14) is granted and his initial filing fee is waived.

2. That the institution having custody of Archambeau is directed that whenever the amount in Archambeau's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Archambeau's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $605 appellate filing fee is paid in full.

Dated July 15, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE