UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARL ARCHAMBEAU,<br><br>                              Plaintiff,<br><br>    vs.<br><br>BRIAN MCGUIRE, Police Officer at Wagner Police Department in individual capacity; RANDY THALER, Sheriff at Charles Mix County in individual capacity; UNKNOWN DEPUTY #1, Sheriff's Deputy at Charles Mix county in individual capacity; UNKNOWN DEPUTY #2, Sheriff's Deputy at Charles Mix County in individual capacity; RYAN PAULSON; and JARED NIEHAUS,<br><br>                              Defendants. | 4:24-CV-04013-KES<br><br>ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION TO AMEND COMPLAINT |

Plaintiff, Karl Archambeau, an inmate at the Rapid City Minimum Center, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Archambeau's motion for leave to proceed in forma pauperis and screened his complaint for dismissal because it was time barred under the statute of limitations. Docket 11.

Archambeau moves to amend his complaint after judgment has been entered and his case has been closed. Docket 20. The Eighth Circuit has held that district courts have "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored[.]" *United States ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 824 (8th Cir. 2009).

Archambeau did not comply with this court's local rules. "[A]ny party moving to amend a pleading must attach a copy of the proposed amended

pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Archambeau did not attach a proposed copy of his amended complaint to his motion to amend. "A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (citing *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009)).

Even if Archambeau did attach a proposed amended complaint, his motion to amend would be futile. Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) (citing *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007)). Archambeau seeks leave to amend his complaint to "[c]larify key points to include in construction of claims[,] [c]orrect clerical errors involving certain individual capacities[,]" add his "complete medical record within this court[,]" and include his "complete criminal record involving claims." Docket 20 at 1. But permitting such amendments would be futile because Archambeau's claims are time barred by the statute of limitations. *See* Docket 11 at 7–8.

Archambeau claims that the statute of limitations should be tolled because "[f]ederal rules of pleading do not require pleading around anticipated affirmative defenses." Docket 20 at 1. The Eighth Circuit has held that "[a]lthough the statute of limitations is an affirmative defense, a district court

2

may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) [predecessor of 28 U.S.C. § 1915(e)(2)(B)] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (citations omitted). Archambeau claims generally that he "feel[s] that the statute of limitations period should be tolled[,]" but he has not alleged any reasons why tolling would be appropriate.[1] Docket 20 at 1. Further, the Eighth Circuit summarily affirmed dismissal of Archambeau's complaint because it was time barred under the statute of limitations. Dockets 21, 22. Because permitting Archambeau to amend his complaint would be futile, Archambeau's motion for leave to amend his complaint, Docket 20, is denied.

Thus, it is ORDERED that Archambeau's motion for leave to amend his complaint, Docket 20, is denied.

Dated October 30, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Because § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265–66 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–68 (1985)). This court has interpreted South Dakota's statute limiting the time for bringing claims under federal civil rights statutes, SDCL § 15-2-15.2, as a statute of repose, which cannot be tolled. *Rindahl v. Reisch*, 4:22-CV-04073-RAL, 2024 WL 4348973, at *6 (D.S.D. Sept. 30, 2024) (citing *Pitt-Hart v. Sanford USD Med. Ctr.*, 878 N.W.2d 406, 413 (S.D. 2016)). Even if Archambeau had alleged reasons why he believes the statute of limitations should be tolled, his arguments would be futile.

3